**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

ARLIN GEOPHYSICAL COMPANY;
LAURA OLSON,

     Plaintiffs,

v.

UNITED STATES OF AMERICA,

     Defendant - Crossclaim Plaintiff -
     Appellee,

v.

DEBRA GREEN UDY; CLAUDIA
GREEN BURTON; REBECCA GREEN
EGGERS; BANK OF AMERICA HOME
LOANS; CIPRA NON-REVOCABLE
TRUST; NANCY KIMMERLY;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS; NEW
CENTURY MORTGAGE; BARNEY J.
NG; SECURITIZED ASSET BACKED
RECEIVABLES; SUSAN SLATTERY;
JAMES H. WOODALL, FUJILYTE
CORPORATION,

     Counter Defendants,

and

 JOHN E. WORTHEN,

     Counter Defendant - Appellant.
_____

No. 18-4166

**Appeal from the United States District Court
for the District of Utah
(D.C. No. 2:08-CV-00414-DN)**
_____

David E. Ross II, Park City, Utah, for Counter Defendant-Appellant.

Paul A. Allulis, Attorney, Department of Justice, Tax Division, Washington, D.C. (Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Bruce R. Ellisen, Attorney, with him on the briefs), for Defendant-Crossclaim Plaintiff-Appellee.

_____

Before **LUCERO**, **HOLMES**, and **MORITZ**, Circuit Judges.

_____

**LUCERO**, Circuit Judge.

_____

We consider the existence of redemption rights in actions under 26 U.S.C. § 7403 to enforce federal tax liens. After John Worthen amassed over eighteen million dollars in unpaid tax liabilities, the federal government placed liens on properties it claimed belonged to his alter egos or nominees. Following a court-ordered sale of the properties, Worthen sought to exercise a statutory right to redeem under Utah state law. The district court concluded there are no redemption rights following sales under § 7403. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. Neither § 7403 nor 28 U.S.C. § 2001, which governs the sale of realty under court order, explicitly provides for redemption rights. Moreover, federal tax proceedings provide sufficient protection for taxpayers and third parties.

**I**

Worthen owes the United States more than eighteen million dollars in unpaid taxes. In 2000, the government filed a Notice of Federal Tax Lien concerning

Worthen's outstanding tax liability. In 2008, the Internal Revenue Service ("IRS") filed additional Notices of Tax Lien against fifteen properties that it claimed were owned by Worthen's nominees or alter egos. Laura Olson, who is Worthen's wife, and Arlin Geophysical Company, which is owned by Worthen and Olson, brought an action to quiet title to these properties. Naming counterclaim-defendants with potential interests in the properties, the government filed a counterclaim seeking to reduce to judgment its tax assessments against Worthen and to foreclose the liens. The district court issued orders addressing the claims regarding thirteen of the properties, ruling that Worthen is indebted to the government in the amount of eighteen million dollars, plus interest, for his federal income tax liabilities. At issue in this case are claims to the two remaining properties, Properties 14 and 15,[1] by (1) the government; (2) Fujilyte, a company owned by Worthen that held title to Properties 14 and 15; (3) John Green's heirs, who purported to hold a trust deed to the properties; and (4) Stephen Homer, who purported to be a successor in interest to Green's trust deed.

Concluding in part that Fujilyte, as Worthen's nominee, holds title to Properties 14 and 15, the district court granted summary judgment to the government regarding the primacy of its claim over those of Homer and Green's heirs. Subsequently, the court granted final judgment for the government and ordered the properties sold. Worthen and Fujilyte appealed. This court vacated the district

---

[1] Throughout the litigation, the parties have referred to these two properties according to the numbering in the government's Fifth Amended Counterclaim.

court's judgment and order of sale and remanded for further proceedings.  Arlin Geophysical Co. v. United States, 696 F. App'x 362, 371 (10th Cir. 2017) (unpublished).  Because Worthen and Fujilyte were not parties to the summary judgment proceeding, they had not been given "an adequate opportunity to respond to the government's assertion that Fujilyte holds title to these properties as Worthen's alter ego or nominee."  Id.

While this court was considering Fujilyte and Worthen's appeal, Properties 14 and 15 were sold to Salt Lake County.  Although this court's order and judgment subsequently vacated the order of sale, the parties stipulated to confirmation of the sale because of the difficulty of unwinding it.

Following the stipulation, Worthen claimed a right under Utah Code §§ 78B-6-906(1) and 59-2-1357 to redeem the property for the purchase price, $145,000.[2]  The Salt Lake County District Attorney refused to honor Worthen's claimed right, stating that Properties 14 and 15 were not subject to redemption rights and, in any event, Worthen had not complied with the requisite steps to exercise redemption rights under Utah law.  Worthen repeatedly asked the district court for an equitable extension of the redemption period, which the district court denied because Worthen had not shown good cause.

---

[2] In 2015, Worthen filed for bankruptcy.  The parties dispute whether he discharged his $18 million tax liability in bankruptcy and, consequently, whether the government's lien would reattach to Properties 14 and 15 if he had a right of redemption and were to exercise it.

-4-

Disputing in pertinent part whether Worthen had redemption rights in Properties 14 and 15, the parties filed cross-motions for summary judgment. The district court granted the government's motion, holding that Worthen had no redemption right because neither § 7403 nor § 2001 provides for a right of redemption. Worthen appealed.

**II**

We review a district court's grant of summary judgment de novo. Cillo v. City of Greenwood Vill., 739 F.3d 451, 461 (10th Cir. 2013). A party is entitled to summary judgment if "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "A fact is material if, under the governing law, it could affect the outcome of the lawsuit." Cillo, 739 F.3d at 461 (quotation omitted). "A factual dispute is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." Id. (quotation omitted).

26 U.S.C. § 6321 grants the United States a lien "upon all property and rights to property, whether real or personal," of a person "liable to pay any tax neglects." Id. Section 7403 authorizes the government to enforce its lien by filing a civil action in a federal district court, where

> [t]he court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the parties and of the United States.

Id.  When, as in this case, the action is to enforce the federal tax lien against realty, § 2001 outlines the requirements for the sale "upon such terms and conditions as the court directs."  Id.

Utah law confers a statutory right to redeem.  §§ 78B-6-906(1); 59-2-1357. But state-created rights do not automatically apply in federal tax proceedings. Although federal law looks to state law for the existence of property rights, federal law itself determines what consequences those rights have in the context of federal tax lien proceedings.  See United States v. Craft, 535 U.S. 274, 278 (2002).  Courts "look initially to state law to determine what rights the taxpayer has in the property the Government seeks to reach, then to federal law to determine whether the taxpayer's state-delineated rights qualify as 'property' or 'rights to property' within the compass of the federal tax lien legislation."  Id. (quotation omitted).  We assume without deciding that Utah state law would grant Worthen redemption rights in Properties 14 and 15 because, in any case, we conclude those rights are inapplicable in proceedings under § 7403.

Neither § 7403 nor § 2001 explicitly addresses redemption rights.  Worthen argues that this silence means Congress did not intend to disturb state-created rights, which "shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."[3]  28 U.S.C. § 1652.  But state-created

_____

[3] Worthen also argues Congress did not intend for §§ 7403 and 2001 to preempt state-law redemption rights.  "We will find preemption where it is impossible for a private party to comply with both state and federal law and where

-6-

rights are <u>not</u> the rules of decision for actions in which the government seeks to enforce a federal tax lien.  Instead, such proceedings are governed by federal law, which defines the applicability of state-defined property rights.  See <u>Drye v. United States</u>, 528 U.S. 49, 58 (1999) ("The question whether a state-law right constitutes 'property' or 'rights to property' is a matter of federal law." (quotation omitted)).  In the context of realty sales in actions under § 7403, applicable federal law does not affirmatively attach any consequences to state redemption rights.[4]

Moreover, Congress's silence in §§ 7403 and 2001 contrasts with its express inclusion of redemption rights in other sections of the Internal Revenue Code.  <u>See, e.g.</u>, 26 U.S.C § 6337(b) (providing for redemption of property which has been levied upon within 180 days after sale); 28 U.S.C. § 2410(c) (granting the government a redemption right in sales made to satisfy liens with priority over those of the government).  When Congress intends to provide redemption rights in federal tax proceedings, it does so explicitly.  <u>See</u> <u>United States v. Heasley</u>, 283 F.2d 422, 427 (8th Cir. 1960) ("Unlike the sale of property under levy and distraint proceeding,

---

under the circumstances of a particular case, the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." <u>Crosby v. Nat. Foreign Trade Council</u>, 530 U.S. 363, 372-73 (2000) (quotations and citations omitted).  Preemption analysis is inapplicable here:  this is an action under <u>federal law</u>, and state-created rights apply only to the extent that federal law permits.  <u>See</u> <u>United States v. Rodgers</u>, 461 U.S. 677, 683 (1983).

[4] Worthen also argues that in codifying the Internal Revenue Code, Congress intended to omit any preclusion of state redemption rights in proceedings under § 7403.  Because he failed to raise this argument in his opening brief, it is waived.  <u>See</u> <u>City of Colo. Springs v. Solis</u>, 589 F.3d 1121, 1135 n.5 (10th Cir. 2009).

where by statute there is a specific provision for redemption of the property, Congress has not seen fit to provide that the right to redeem shall exist where a property is sold pursuant to a judicial decree." (citation omitted)).

Further, Congress has already provided robust procedural protections for taxpayers and innocent third parties. When the lien is placed, taxpayers receive written notice that includes specific information regarding the claimed amount of unpaid tax, the available procedural protections, and the potential consequences related to "certification of seriously delinquent tax debts." 26 U.S.C. § 6320(a). Delinquent taxpayers are also entitled to an administrative appeal. 26 U.S.C. § 6326. Moreover, enforcement of the lien under § 7403 only occurs after a court has adjudicated all matters therein, id., in contrast to enforcement under § 6331, which prescribes redemption rights but requires only a summary administrative proceeding. Id.; § 6337. If a court orders a sale, § 2001 mandates certain protections for the sale, including notice, a hearing, an independent valuation, and newspaper publication of the terms of the sale. Id.

Interested third parties are also protected. Notice of a lien must be provided to "any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor" prior to the lien becoming valid. 26 U.S.C. § 6323(a). To the extent that a sale under § 7403 might affect an innocent third party's interest, the statute is "punctilious in protecting the vested rights of third parties caught in the Government's collection effort." Rodgers, 461 U.S. at 699. Section 7403 requires

-8-

"[a]ll persons having liens upon or claiming any interest in the property involved" to be made parties to the action. Id.

Courts also retain "a degree of equitable discretion" in determining whether to authorize a sale under § 7403. Rodgers, 461 U.S. at 709. In exercising their discretion, courts examine any prejudice to the government or an impacted third party, including any "legally recognized expectation [by the third party] that the separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors," as well as the "relative character and value of the non-liable and liable interests held in the property." Id. at 709-11.[5]

In sum, §§ 7403 and 2001's procedures adequately protect the interests of delinquent taxpayers and third parties swept up in the government's attempt to collect its due. We are not persuaded that Congress's silence about redemption rights should be read to grant delinquent taxpayers a further opportunity to reclaim their property. Worthen's argument—that he should be able to redeem his property for $145,000 despite his eighteen-million-dollar tax liability—demonstrates that doing so would permit them to shirk the consequences of their liabilities.

---

[5] Some courts have recognized an "equitable" right of redemption despite the absence of a statutory right. See, e.g., United States v. Moyer, 2008 WL 3478063, at *11 (N.D. Cal. 2008) (unpublished); United States v. Fuller, 1989 WL 84507, at *1 (D. Kan. 1989) (unpublished). Worthen does not claim he is entitled to such a right.

**III**

For the above reasons, we hold there is no right to redeem property sold pursuant to an action under § 7403.[6]  The district court's grant of summary judgment to the government is **AFFIRMED**.

---

[6] Because we conclude there are no redemption rights in proceedings under § 7403, we do not reach the parties' additional arguments disputing, if there are redemption rights, whether Worthen would be able to exercise them in this case.